(No. 82-CC-1495—)

HENRY HURST, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 20, 1985.*

HENRY HURST, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

Raucci, J.

Claimant, an inmate at an Illinois correctional institution, makes claim against the State of Illinois for loss of personal property by Claimant in an attack by other inmates, which allegedly occurred in the presence of unidentified personnel of Respondent.

On the occasion in question, Claimant was returning from the commissary with various items of commissary goods alleged by Claimant to total $75.00. Claimant alleges that he was attacked in plain view of Respondent's officers, who did not offer assistance so as to prevent the attack or Claimant's subsequent loss of personal property.

Additionally, Claimant seeks reimbursement for various items of personal property allegedly removed by other inmates from his cell as a result of a failure on the part of Respondent to deadlock Claimant's cell while Claimant was absent from the cell. As to this latter series of losses, Claimant alleges that other inmates were guilty of stealing his property.

First, with respect to the value of items allegedly removed from Claimant's cell, it has been the long-standing policy of this Court that such unexplained thefts from prisoners' cells cannot result in an award absent special circumstances, which do not appear of record in this case. There is no showing in the record that Claimant's personal property was ever in the possession of Respondent or was lost or misplaced while in the possession of Respondent's agents.

As to the allegations of Claimant regarding the incident first set forth above, it is noted that an institutional grievance proceeding filed by Claimant charging Respondent's agents with negligence in failing to come to Claimant's assistance resulted in an institutional decision that no negligence was indicated on the part of Respondent's agent. The record is silent as to sufficient proof to justify this Court in effect reversing the result of an institutional inquiry into this allegation of negligence on the part of Respondent's agent.

It should be noted that in the departmental report, Major McDonough, who did not testify at the hearing in this cause, stated that although he was aware Claimant was attacked by two residents in East Cell House, that there were no officers "around that could help Hurst."

The State is not an insurer of the safety of inmates or of the preservation of inmates' personal property while in State institutions.

It is therefore ordered that the claim is denied.